| **Pentagon Fed. Credit Union v Valley Natl. Bank** |
|:---:|
| 2024 NY Slip Op 33475(U) |
| October 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162525/2023 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. SHAHABUDDEEN ABID ALLY**                    PART 16

*Justice*

| | |
|---|---|
| PENTAGON FEDERAL CREDIT UNION, AS SUCCESSOR BY MERGER TO PROGRESSIVE CREDIT UNION, | **INDEX NO.**     162525/2023 |
| Petitioner, | **MOTION DATES**   2/6/2024 & 4/30/2024 |
| -against- | **MOTION SEQ. NO.**   001 & 002 |
| VALLEY NATIONAL BANK, | **DECISION & ORDER** |
| Respondent. | |

> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **TURNOVER (CPLR §§ 5225 & 5227)**: 1-4, 6-8, 19-21
>
> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 2) to/for **LEAVE TO INTERVENE**: 1, 15-18, 22-36

On December 28, 2023, petitioner PENTAGON FEDERAL CREDIT UNION, AS SUCCESSOR BY MERGER TO PROGRESSIVE CREDIT UNION ("Petitioner"), commenced this special proceeding by filing a Verified Petition and a Notice of Petition seeking, pursuant to CPLR §§ 5225 and 5227, liquidation and turnover of certain funds held by respondent VALLEY NATIONAL BANK ("Respondent") on behalf of nonparty VICTOR FALLEK ("Fallek"). (NYSCEF Doc. 1 ("Pet."); *Id.* Doc. 4) On February 5, 2024, Fallek moved by Order to Show Cause ("OSC") for leave to intervene in this action and to dismiss the Verified Petition. (*Id.* Docs. 15-18) The Court signed the proposed OSC on February 21, 2024, and Petitioner submitted opposition on March 14, 2024. (*Id.* Docs. 22, 24-36) Respondent has not appeared or filed opposition in this proceeding. The motions are consolidated herein for purposes of disposition. For the reasons discussed below, Fallek's motion to intervene and to dismiss is **DENIED**, and Petitioner's Verified Petition and Notice of Petition are **GRANTED**.

[* 1]

## A. BACKGROUND

On October 14, 2022, a judgment was entered in favor of Petitioner and against, among others, Fallek in the New York State Supreme Court, New York County, under Index No. 652448/2021, in the total amount of $12,431,401.64. (Pet. ¶ 3; *Id.* Ex. A (the "Judgment")) As of the date of commencement of this action, Fallek has failed to satisfy the Judgment, and the full amount of the Judgment remains outstanding. (Pet. ¶¶ 5-6)

On or about December 15, 2022, Petitioner served Restraining Notices and an Information Subpoena with Questions upon Respondent. (*Id.* ¶ 7) Respondent responded to the Information Subpoena on February 3, 2023, indicating that Fallek maintained one active bank account with Respondent containing a current balance of $27,855.50. (*Id.* ¶¶ 8-9)

On February 7, 2024, Fallek filed a proposed Answer in this proceeding in which he did not dispute the existence of the Judgment, his failure to satisfy it, or that he maintained the identified bank account with Respondent. (*See* NYSCEF Doc. 19) Petitioner subsequently rejected the proposed Answer as untimely and improper. (*Id.* Doc. 20)

## B. DISCUSSION

### 1. Fallek's Motion to Intervene and Dismiss (Seq. No. 2)

Both CPLR §§ 5225(b) and 5227 provide that, in a turnover proceeding brought pursuant to either section, a "court may permit the judgment debtor to intervene in the proceeding." By using the term "may," these provisions clearly intend that a judgment debtor's ability to intervene is permissive and within the court's discretion to grant or deny based on appropriate considerations.

Here, despite Fallek's averment that he was not served with an exemption notice and exemption claim form, as required under CPLR § 5222-a, Petitioner demonstrates, through the submission of documentary evidence in opposition to the motion, that it in fact properly served both documents on Respondent, which in turn properly served them on Fallek, in conformance with the statutory requirements. (*See* Affirm. of Jean A. Occhiogrosso, dated Mar. 14, 2024 (NYSCEF Doc. 25), Exs. 6-7 (NYSCEF Docs. 31-32)) Additionally, the Court notes that CPLR § 5222-a(b)(1) specifically provides that if the exemption notice and exemption claim form are *not* served on a bank together with a restraining notice, the restraining notice is void and "the banking institution

shall not restrain the account." But Petitioner has demonstrated, again through submission of documentary evidence, that Respondent did in fact restrain Fallek's account and that Fallek acknowledged that the account was restrained. (*Id.* Exs. 33, 36: Pet. Ex. B (NYSCEF Doc. 3)) Such restraint could not have been imposed without proper service of the exemption notice and exemption claim form.

Further, while Fallek now asserts that the funds held by Respondent are exempt from restraint and turnover, his assertions are entirely conclusory and unsupported by any documentary evidence. Fallek merely states in his affidavit in support of the motion that "the subject account contains funds that I understand to be statutorily exempt under CPLR § 5222, including, without limitation, income earned within the previous 60 days." (Aff. of Victor Fallek, dated February 2, 2024 (NYSCEF Doc. 18), ¶ 5) But, again, Fallek provides nothing more than this barebones statement—no details about the alleged income or its source and no evidence to establish either or the period in which it was earned.

Moreover, to the extent that Fallek asserts that Respondent has a perfected security interest in the subject funds, and that the funds should thus be paid to Respondent rather than to Petitioner (*id.* ¶ 6), Respondent—the entity that would properly raise such an objection and had every opportunity to do so—has declined to appear in this proceeding to assert a superior claim to the funds.

For these reasons, the Court determines that Fallek does not have any legitimate defenses to Petitioner's entitlement to turnover of the funds and therefore exercises its discretion under CPLR §§ 5225(b) and 5227 to decline to allow Fallek to intervene in this proceeding. Because Fallek is not permitted to intervene, that part of his motion seeking to dismiss the Verified Petition must also be denied.

## 2.    Petitioner's Motion for Turnover (Seq. No. 1)

CPLR § 5225 "provides for an expedited special proceeding by which a judgment creditor can recover money or other personal property belonging to a judgment debtor against a person in possession or custody of money or other personal property in which the judgment debtor has an interest in order to satisfy a judgment." *N.Y. Cmty. Bank v. Bank of Am., N.A.,* 169 A.D.3d 35, 37-38 (1st Dep't 2019) (internal quotation marks and citation omitted). "That provision thus is the appropriate provision under which to pursue a turnover proceeding against a bank that holds a

162525/2023 Pentagon Federal Credit Union v. Valley National Bank                                    Page 3 of 5
Mot. Seq. Nos. 001 & 002

judgment debtor's assets on deposit." *The LCF Grp., Inc. v. Fifth Third Bank, N.A.*, No. 158604/2023, 2024 WL 3330192, at *1 (N.Y. Sup. Ct. N.Y. Cty. July 8, 2024) (citing *First Am. Title Ins. Co. v. Kenderian*, 157 A.D.3d 891, 891-92 (1st Dep't 2018)). "'According to the express language of CPLR 5225(b), a judgment creditor must first establish that the judgment debtor has an interest in the property held by the third party, and then must demonstrate either that the judgment debtor is entitled to possess the property or that the judgment creditor has a right to the property superior to that of the party who possesses it." *Port Auth. of N.Y. & N.J. v. Minahan III*, No. 451251/2024, 2024 WL 3874510, at *1 (N.Y. Sup. Ct. N.Y. Cty. Aug. 18, 2024) (quoting *Miraglia v. Essex Ins. Co.*, 96 A.D.3d 945, 945 (2d Dep't 2012)).

Upon review of Petitioner's submissions, the application is granted. Petitioner has submitted a copy of the Judgement, which establishes that judgment was entered in Petitioner's favor and against Fallek, jointly and severally with a number of other entities, in the total amount of $12,431,401.64. Petitioner has further demonstrated through its submissions that the Judgment remains wholly unsatisfied, and that Respondent is in possession of at least $27,855.50 belonging to Fallek. Finally, Petitioner submits affidavits of service of the Verified Petition, Notice of Petition, and other documents on both Respondent and Fallek in conformance with the requirements of the statute. (NYSCEF Docs. 6, 8) Therefore, Petitioner has established its prima facie entitlement to turnover of Fallek's funds held by Respondent.

As mentioned, Respondent has not appeared in the action or filed opposition.

Accordingly, it is hereby

**ORDERED** that Fallek's motion to intervene and to dismiss (Seq. No. 2) is **DENIED**; and it is further

**ORDERED and ADJUDGED** that the Verified Petition and Notice of Petition (Seq. No. 1) are **GRANTED**, and it is further

**ORDERED and ADJUDGED** that Respondent is directed, upon receipt of notice of entry of this Decision and Order, to turn over to Petitioner the funds in the restrained account of Fallek held by Respondent, in the amount of $27,855.50, or up to a maximum amount of $12,431,401.64 so as not to exceed the amount of the debt owed, in order to satisfy and/or in partial satisfaction

of the Judgment entered in New York State Supreme Court, New York County, under Index No. 652448/2021; and it is further

**ORDERED and ADJUDGED** that upon such turnover of funds, Respondent shall be discharged of all liability with respect to said funds to the extent of payment made as herein provided; and it is further

**ORDERED** that Petitioner shall serve a copy of this Decision and Order upon Respondent, Fallek, and the Clerk of the General Clerk's Office with notice of entry within fifteen (15) days thereof; and it is further

**ORDERED** that service upon the Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

**ORDERED** that the Clerk shall mark Motion Sequence Nos. 1 &2 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision, order, and judgment of the Court.

| October 2, 2024 | | | | SHAHABUDDEEN ABID ALLY, A.J.S.C. | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| **MOTION SEQ. 1:** | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| **MOTION SEQ. 2** | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| **CHECK IF APPROPRIATE:** | | SETTLE ORDER | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

**162525/2023 Pentagon Federal Credit Union v. Valley National Bank**       **Page 5 of 5**
**Mot. Seq. Nos. 001 & 002**